## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SYLVESTER CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv−0840−MJR |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| S.A. GOINEZ, | ) | |
| HODGES, | ) | |
| TREADWAY, | ) | |
| CAMPANELLA, | ) | |
| S.A. GODINEZ, | ) | |
| GOMEZ, | ) | |
| REIS, | ) | |
| FENOGLIO, | ) | |
| BROOKS, | ) | |
| HARDY, | ) | |
| MUSGRAVE, | ) | |
| ERNEST SHELTON, | ) | |
| JEFFERY SRUBHART, | ) | |
| MARC HODGE, | ) | |
| T.S. KEEN, | ) | |
| PHIL MARTIN | ) | |
| JANE DOE, | ) | |
| JOHN DOE, | ) | |
| AQUINALDO, | ) | |
| GHOSH, | ) | |
| MARCUS HARDY, | ) | |
| EDWARDS, | ) | |
| SHEEHY, and | ) | |
| NANCY POUNOVICH, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Page **1** of 13

**REAGAN, Chief District Judge:**

Plaintiff Sylvester Cunningham, an inmate in Federal Correctional Institution Greenville, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at Lawrence Correctional Center, where he was formerly incarcerated.  This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

As an initial matter, Plaintiff's case caption only includes Defendants that worked at Lawrence Correctional Center. However, the body of the Complaint lists numerous Stateville defendants, as well as factual allegations that occurred at Stateville Correctional Center. Plaintiff attached an exhibit to his Complaint that shows that this action was originally filed in the Northern District of Illinois where that court dismissed the Lawrence claims pursuant to *George v. Smith*, 507 F.3d 605, 606 (7th Cir. 2007). It appears from the exhibit that the Stateville claims were dismissed on statute of limitations grounds. As Plaintiff's case caption contains only the Lawrence Defendants, and he included the exhibit regarding his earlier case, the Court concludes that the inclusion of the Stateville claims is merely unartful drafting, perhaps caused by recycling of portions of the original Complaint, and not an improper attempt to evade the effect of the Northern District's rulings. Accordingly, Defendants Aquinaldo, Ghosh, Hardy, Edwards, Sheehy, and Pounovich are **DISMISSED with prejudice** from this action, and the Court will not consider Plaintiff's claims arising out of Stateville Correctional Center any further.

Plaintiff has been a paraplegic since 2006 and requires a wheelchair. (Doc. 1, p. 5). He also uses catheters on a daily basis. (Doc. 1, p. 6). Plaintiff transferred into

Lawrence Correctional Center on March 9, 2013.  (Doc. 1-1, p. 1)  While at Lawrence, Plaintiff was given single use catheters three times a week, without any medical supplies to clean them out after use.  (Doc. 1, p. 6).  The instructions on the package specifically prohibit using the catheters more than once.  (Doc. 1-1, p. 10).  Plaintiff developed bladder infections because he was forced to reuse single use catheters.  (Doc. 1, p. 6).

Plaintiff also requested diapers, but his requests were ignored.  (Doc. 1, p. 6). This caused him to soil himself in his sleep.  (Doc. 1, p. 6).  When he was given diapers, they were too small and caused sores to form.  (Doc. 1, p. 7).  Plaintiff was not given daily physical therapy.  (Doc. 1, p. 6).  The cell he was housed in had a sink and toilet that were not handicapped accessible.  (Doc. 1, p. 6).  Plaintiff was only permitted to shower three times a week, and his requests for more showers were denied.  (Doc. 1, p. 6-7).  Plaintiff requested daily showers due to his inability to control his bladder and bowel functions.  (Doc. 1, p. 8).

Plaintiff does not associate any specific defendant with any of his claims. Exhibits attached to the Complaint show that Reis responded to grievances dated March 21, 2013, April 15, 2013, April 29, 2013, and August 13, 2013.  (Doc. 1-1). Someone denied an emergency grievance on August 26, 2013 requesting catheters and a new mattress, but the signature is cut off the exhibit.  (Doc. 1-1, p. 3).  T.S. Keen rejected a grievance submitted to the A.R.B. on September 10, 2013, but that grievance did not address the issues presented by the Complaint.  (Doc. 1-1, p. 6).  The director of nursing,

Cunningham, responded to a grievance dated March 21, 2013 about the lack of medical supplies.  (Doc. 1-1, p. 7).  Strubhart[1] and Hodge also signed off on the same grievance. (Doc. 1-1, p. 7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into two counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The following claims survive threshold review.

**Count 1 – Defendants Strubhart and Hodge were deliberately indifferent to Plaintiff's serious medical needs related to his paraplegia in violation of the Eighth Amendment**

**Count 2: Defendants Strubhart and Hodge violated Plaintiff's rights under the Americans with Disabilities Act ("ADA") when they housed Plaintiff in non ADA cells and refused to provide him with adequate medical supplies and exercise for his condition**

**Count 1** survives threshold review.  In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which

---

[1] Although the case caption lists him as "Jeffrey Srubhart," the exhibits make clear that the proper spelling is "Jeffery Strubhart"

involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

In this case, Plaintiff has alleged that he suffers from infections and sores because Defendants have not adequately provided him with medical supplies and treatment to manage his condition. He has also alleged that he is allowed to lie in his own filth and not permitted to take an adequate number of showers to clean up after himself. He has alleged that he is not getting sufficient physical therapy for a number of reasons. This is sufficient to articulate a serious medical need. However, Plaintiff has not made any allegations that he told any of the named defendants that he needed treatment or made any claims that they were aware of his condition. Plaintiff has merely listed a selection of defendants after his allegations and then further referred to the grievances attached to the Complaint. After reviewing the grievances, they support an allegation that Strubhart and Hodge may have known about Plaintiff's condition and refused to

intervene.  *See Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015).  Plaintiff also included a response from ARB member Keen, but that grievance does not address Plaintiff's medical condition and cannot be a basis for liability as to Keen.  While other individuals are also mentioned in the grievances, Plaintiff did not list them elsewhere in the Complaint, and for reasons explained further below, they will be subject to dismissal.

Turning now to **Count 2,** Plaintiff alleges that Defendants Strubhart, and Hodge violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, by failing to accommodate his need to have an ADA cell, adequate medical supplies, and time and space for physical therapy and showers.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

The Supreme Court has held that the ADA applies to prisons.  In *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998), the Supreme Court held: "State prisons fall squarely within the statutory definition of 'public entity'. . . . The text of the ADA provides no basis for  distinguishing these programs, services, and activities from those provided by public entities that are not prisons." *Id*. at 210.  The Court further held in *U.S. v. Georgia*, 546 U.S. 151 (2006), that an inmate may bring a private cause of action for damages pursuant to Title II of the ADA *if* the state actor's conduct also violates the Eighth Amendment.  A plaintiff's inability to establish a constitutional violation forecloses an ADA private cause of action.  *See Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010).  In

the instant case, Plaintiff does have a claim for an Eighth Amendment violation. Therefore, his claims for ADA violations will also be allowed to proceed at this time against Defendants Strubhart, and Hodge.

Numerous other defendants are entitled to dismissal. First of all, Plaintiff has tried to list both S.A. "Goinez," the former director of the IDOC, and S.A. "Godinez," an otherwise unidentified state employee. S.A. Godinez was the director of the IDOC at the time of the events in Plaintiff's Complaint, and the Court will dismiss "S.A. Goinez" as a spelling mistake. The same holds true for "Hodges," the warden at Lawrence at the relevant time and the Defendant "Marc Hodge," described only as a state employee. These are not separate individuals; Marc Hodge was formerly the warden of Lawrence Correctional Center during the relevant time period. The Court will accordingly dismiss "Hodges." Both dismissals shall be without prejudice, should Plaintiff be able to correctly identify distinct individuals who may be relevant to this lawsuit.

Plaintiff has listed the Illinois Department of Corrections, Treadway, Campanella, Godinez, Gomez, Reis, Fenoglio, Brooks, Hardy, Musgrave, Shelton, Strubhart, Hodge, Keen, Martin, Jane Doe and John Doe in the caption of his Complaint. However, Plaintiff has not associated a single claim with any of the named Defendants. Instead, after his allegations regarding Lawrence, Plaintiff lists Hodge, Treadway, Fenoglio, Martin, Godinez, Brooks, Hardy, Musgrave, Shelton, Strubhart and Keen. Though Plaintiff names Defendants Illinois Department of Corrections, Campanella, Gomez, Reis, Jane Doe, and John Doe in the caption of his Complaint, he fails to list

them elsewhere in his Complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Illinois Department of Corrections, Campanella, Gomez, Reis, John Doe and Jane Doe elsewhere in his Complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that Plaintiff may have against them. For this reason, Defendants Illinois

Department of Corrections, Campanella, Gomez, Reis, John Doe and Jane Doe will be dismissed from this action without prejudice.

As to the other Defendants listed after Plaintiff's allegations, merely listing them is insufficient.  Plaintiff attempts to cross-reference that list with his grievances attached as exhibits, but out of the defendants listed, only Keen, Strubhart, and Hodge participated in the grievance process.  Without factual allegations regarding what conduct the other Defendants participated in, the Court cannot say that Defendants have been given adequate notice under the Federal pleading standards.  If Plaintiff wishes to bring claims against defendants, he must articulate the conduct that each specific defendant participated in so as to establish liability.  Plaintiff has not done that here, so those defendants will be dismissed without prejudice.

## Disposition

**IT IS ORDERED** that Counts 1 and 2 against Jeffery Strubhart, and Marc Hodge survive threshold review.  The Clerk of Court is **DIRECTED** to change "Jeffery Srubhart" to "Jeffrey Strubhart" on the docket.  Defendants Aquinaldo, Ghosh, Marcus Hardy, Edwards, Sheehy, Nancy Paunovich, and T.S. Keen will be **DISMISSED with prejudice**.  Defendants Illinois Department of Corrections, S.A. Goinez, Hodges, Treadway, Campanella, S.A. Godinez, Gomez, Reis, Fenoglio, Brooks, Hardy, Musgrave, Ernest Shelton, Phil Martin, John Doe, and Jane Doe will be **DISMISSED without prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Strubhart and Hodge:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or  counsel.  Any paper received by a

district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the

Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).


**IT IS SO ORDERED.**


**DATED: September  13, 2016**


s/ MICHAEL J. REAGAN
**U.S. District Judge**
